IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NEIL WILLIAMS,**

      **Petitioner,**

v.                                     **CIVIL ACTION NO. 2:13cv54**
                                              **(Judge Bailey)**

**WILLIAM M. FOX, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

### I. INTRODUCTION

On August 2, 2013, *pro se* petitioner, Neil Williams [hereinafter referred to as "Williams"] filed a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody. On August 12, 2013, Williams was granted leave to proceed *in forma pauperis*. Accordingly, this matter is pending before the undersigned pursuant to LR PL P 2, *et seq*.

### II. FACTS

#### A. STATE PROCEEDINGS

**A.** **Petitioners' Conviction and Sentence**

On September 14, 1998, the Ohio County Grand Jury returned an indictment charging Williams with seventeen counts of Third Degree Sexual Assault (Counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33); five counts of Photographing a Minor in Sexually Explicit Conduct (Counts 40, 41, 42, 43, 52); three counts of Sexual Abuse by a Custodian (Counts 45, 47, 49); one count of Sexual Abuse in the First Degree (Count 48); nineteen misdemeanor counts of

Sexual Abuse in the Third Degree (Counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 44, 46); and seven misdemeanor counts of Exhibition of Obscene Material to a Minor (Counts 35, 36, 37, 38, 39, 50, 51).

By Order entered December 4, 1998, Williams pleaded guilty and was convicted of Counts 1, 2, 5, 7, 9, 11, 13, 15, 39, 45, 47, 48 and 52. The remaining charges were dismissed. On February 3, 1998, Williams was sentenced to the penitentiary for one to five years on Counts 1, 3, 5, 7, 9, 11 and 15; ten to twenty years on Counts 45 and 47; one to ten years on Count 52; one to five years on Count 48; ninety days on Count 2; and six months on Count 39. In total, Williams's aggregate sentence was 28-80 years.

**B.  Petitioners' Direct Appeal**

On January 18, 2000, Williams appealed his conviction and sentence to the West Virginia Supreme Court of Appeals ("WVSCA") raising the following assignments of error:

1. The trial court erred by failing to dismiss the constitutionally infirm indictment because it failed to name or otherwise identify the alleged victim of the offense and because it failed to provide sufficient facts to inform Williams of the nature and cause of the charges against him or to permit him to raise double jeopardy as a defense to a subsequent prosecution.

2. The trial court erred in accepting Williams's involuntary guilty plea at a hastily convened plea hearing.

3. The trial court erred and abused its discretion by denying Williams's two presentence motions to withdraw his involuntary guilty plea.

Williams's direct appeal was refused on March 23, 2000.

**C.  Petitioner's State Habeas Proceedings**

On October 22, 2000, Williams filed a *pro se* petition for state post-conviction relief, and the circuit court appointed him counsel. Habeas counsel filed a second amended petition for writ of habeas corpus on June 6, 2003. The respondent warden filed his response on June 12, 2003. Subsequently, in a July 21, 2005, agreed order to correct sentence, the circuit court held that under the statute in effect at the time, the applicable sentence for sexual abuse by a parent, guardian, or a custodian was five to fifteen years. Thus, the circuit court found that Williams had been sentenced to two illegal ex post facto terms of ten to twenty years under the current version of the statute for the two convictions for sexual abuse by a parent, guardian or a custodian. The court resentenced Williams to two five to fifteen terms on each of those counts, to be served consecutively to each other.  Thus, Williams's corrected aggregate sentence was 18-70 years. The Circuit Court later denied all other habeas relief by an order entered November 8, 2005. When Williams appealed *pro se*, the WVSCA refused his appeal on December 6, 2006.

On March 30, 2009, Williams filed a *pro se* Rule 35(a) motion to reduce his sentence, which the circuit court construed as a petition for writ of habeas corpus and dismissed by an order entered April 8, 2008.  The circuit court found that "the grounds for relief Williams has asserted have been previously and finally adjudicated or waived pursuant to [the 07/02/05 agreed order to correct sentence]." (Doc. 5-1, p.2).  When Williams appealed, the WVSCA refused his appeal on November 19, 2009.

On December 10, 2010, Williams filed a third petition for a writ of habeas corpus.  Habeas counsel was appointed, who filed an amended petition and a *Losh* checklist of grounds for post-conviction relief on May 2, 2011. On May 6, 2011, the circuit court dismissed Williams's petition without a hearing concluding that "the grounds for relief Williams has asserted have been

previously and finally adjudicated or waived." (Doc. 5-1, p. 3). On appeal, the decision of the circuit was affirmed by the WVSCA on September 21, 2012.

**D. Federal Habeas Proceeding**

On December 26, 2006, Williams filed a federal habeas petition which raised the following grounds for relief:

1. The trial court erred by accepting a guilty plea five days after ordering a competency exam thereby causing involuntary plea;

2. Petitioner denied right to be fully informed when indictment lacked names of victim(s) and dates/double jeopardy;

3. Trial court failed to render findings of fact and conclusions of law on each ground raised in the petition; and

4. Cumulative error and faulty indictment caused plea to be accepted involuntarily.

The respondent filed an Answer and Motion for Summary Judgment, and Williams filed a reply. On February 29, 2008, Magistrate Judge Kaull issued a Report and Recommendation which recommended that the Motion for Summary Judgment be granted, and Williams' § 2254 petition be denied on the merits and dismissed with prejudice. Following review of Williams's objections, the Honorable Robert E. Maxwell adopted the Report and Recommendation and denied the § 2254 petition. On June 30, 2009, the United States Court of Appeals for the Fourth Circuit affirmed said decision.[1]

### III. ANALYSIS

---

[1] See *William v. McBride*, Case 2:06-cv-00124-REM-JSK.

Williams' August 19, 2013, petition is the second petition he has filed regarding his underlying state conviction. Pursuant to 28 U.S.C. §2244(b)(3) prior to filing a successive petition with the district court, a petitioner must seek an order from the court of appeals authorizing the district court to consider the application.[2] In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002). Williams's first § 2254 petition clearly was dismissed on the merits, and thus bars a subsequent motion without leave of the Fourth Circuit.

---

[2]28 U.S.C. § 2244 states in pertinent part:
> **(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Because Williams has not obtained authorization from the Fourth Circuit Court of Appeals to file his successive §2254 motion in this Court, this Court is without authority to hear his successive motion.

## IV. RECOMMENDATION

For the reasons stated above, he undersigned recommends that the Court enter an Order **DENYING** with prejudice the petition of Neil Williams and dismissing the case from the docket because his petition is a successive petition and he has not received authorization from the Fourth Circuit Court of Appeals to file a successive §2254 petition.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may filed with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: 8-13-2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE