IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**NEIL WILLIAMS,**

    Petitioner,

v.

                                      **CIVIL ACTION NO. 2:13-CV-54**
                                      **(BAILEY)**

**WILLIAM M. FOX, Warden,**

    Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**I.    Introduction**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel [Doc. 9]. By Local Rule, this action was referred to Magistrate Judge Joel for submission of a report and a recommendation ("R&R"). Magistrate Judge Joel filed his R&R on August 13, 2013 [Doc. 9]. In that filing, the magistrate judge recommends that this Court deny and dismiss with prejudice the petitioner's § 2254 petition as successive.

**II.    Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The petitioner timely filed his Objections [Doc. 12] on August 20, 2013. Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the petitioner objects. The remainder of the R&R will be reviewed for clear error.

### III.  Factual and Procedural History

On September 14, 1998, the Ohio County Grand Jury returned an Indictment charging Williams with 52 counts of various Sex Crimes. On December 4, 1998, Williams plead guilty to 13 of these charges; the remaining charges were dismissed. On February 3, 1998, he was sentenced to an aggregate sentence of 28-80 years.

####  A.  Direct Appeal

On January 18, 2000, Williams appealed his conviction and sentence to the West Virginia Supreme Court of Appeals ("WVSCA") raising the following assignments of error: (1) that the trial court erred by failing to dismiss the constitutionally infirm indictment because it failed to name or otherwise identify the alleged victim of the offense and because it failed to provide sufficient facts to inform Williams of the nature and cause of the charges against him or to permit him to raise double jeopardy as a defense to a subsequent prosecution; (2) the trial court erred in accepting Williams's involuntary guilty

plea at a hastily convened plea hearing; and (3) the trial court erred and abused its discretion by denying Williams's two presentence motions to withdraw his involuntary guilty plea.  Williams's direct appeal was refused on March 23, 2000.

### B. State Habeas Proceedings

On October 22, 2000, Williams filed a *pro se* petition for state post-conviction relief, and the circuit court appointed him counsel.  Habeas counsel filed a second amended petition for writ of habeas corpus on June 6, 2003.  The respondent warden filed his response on June 12, 2003.  Subsequently, in a July 21, 2005, agreed order to correct sentence, the circuit court held that under the statute in effect at the time, the applicable sentence for sexual abuse by a parent, guardian, or a custodian was five to fifteen years.  Thus, the circuit court found that Williams had been sentenced to two illegal *ex post facto* terms of ten to twenty years under the current version of the statute for the two convictions for sexual abuse by a parent, guardian or a custodian.  The court resentenced Williams to two five to fifteen terms on each of those counts, to be served consecutively to each other.  Thus, Williams's corrected aggregate sentence was 18-70 years.  The Circuit Court later denied all other habeas relief by an order entered November 8, 2005.  When Williams appealed *pro se*, the WVSCA refused his appeal on December 6, 2006.

On March 30, 2009, Williams filed a *pro se* Rule 35(a) motion to reduce his sentence, which the circuit court construed as a petition for writ of habeas corpus and dismissed by an order entered April 8, 2008. The circuit court found that "the grounds for relief Williams has asserted have been previously and finally adjudicated or waived pursuant to [the 07/02/05 agreed order to correct sentence]." [Doc. 5-1, p.2].  When

Williams appealed, the WVSCA refused his appeal on November 19, 2009.

On December 10, 2010, Williams filed a third petition for a writ of habeas corpus. Habeas counsel was appointed, who filed an amended petition and a *Losh* checklist of grounds for postconviction relief on May 2, 2011. On May 6, 2011, the circuit court dismissed Williams's petition without a hearing concluding that "the grounds for relief Williams has asserted have been previously and finally adjudicated or waived." [Doc. 5-1, p. 3]. On appeal, the decision of the circuit was affirmed by the WVSCA on September 21, 2012.

### C.     Prior Federal Habeas Proceeding

On December 26, 2006, Williams filed a federal habeas petition which raised the following grounds for relief: (1) the trial court erred by accepting a guilty plea five days after ordering a competency exam thereby causing involuntary plea; (2) the petitioner denied the right to be fully informed when the indictment lacked names of victim(s) and dates/double jeopardy; (3) the trial court failed to render findings of fact and conclusions of law on each ground raised in the petition; and (4) cumulative error and faulty indictment caused plea to be accepted involuntarily.

The respondent filed an Answer and Motion for Summary Judgment, and Williams filed a reply. On February 29, 2008, Magistrate Judge Kaull issued a Report and Recommendation which recommended that the Motion for Summary Judgment be granted, and Williams' § 2254 petition be denied on the merits and dismissed with prejudice. Following review of Williams's objections, the Honorable Robert E. Maxwell adopted the Report and Recommendation and denied the § 2254 petition. On June 30, 2009, the

United States Court of Appeals for the Fourth Circuit affirmed.

## IV. Analysis

### A. Objections

The petitioner's Objections [Doc. 12] to the instant R&R simply attempt to rehash and assert the same arguments that were denied in all the above proceedings. This Court has conducted a thorough *de novo* review of the same, but finds nothing contained therein which could conceivably entitle the petitioner to any relief. Accordingly, the Objections **[Doc. 12]** is hereby **OVERRULED**.

### B. The Instant Petition is Successive

Williams' August 19, 2013, petition is the second § 2254 federal petition he has filed regarding his underlying state conviction. Pursuant to 28 U.S.C. § 2244(b)(3), prior to filing a successive petition with the district court, a petitioner must seek an order from the court of appeals authorizing the district court to consider the application. In order for a petition to be considered successive, the first petition must have been dismissed on the merits. **Harvey v. Horan**, 278 F.3d 370 (4th Cir. 2002). As noted above, Williams's first § 2254 petition clearly was dismissed on the merits, and thus bars a subsequent motion without leave of the Fourth Circuit. This Court notes that the petitioner sought, and the Fourth Circuit Court of Appeals explicitly denied, the petitioner's Motion under 28 U.S.C. § 2244 for an order authorizing this Court to consider a second or successive application for relief on March 27, 2013 [2:06-cv-124; Doc. 47]. Accordingly, this Court lacks jurisdiction to hear the instant petition.

### V.        Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 9]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, the petitioner's Objections to the magistrate judge's R&R **[Doc. 12]** are **OVERRULED**. Accordingly, the § 2254 Petition **[Doc. 1]** is hereby **DENIED** as successive and **DISMISSED WITH PREJUDICE**, and this matter is **ORDERED STRICKEN** from the active docket of this Court. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** August 22, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE